NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO GEOVANY LOPEZ-TZUN, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-2007 <br><br> Agency No. A208-699-012 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024**
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

Julio Geovany Lopez-Tzun, a native and citizen of Guatemala, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA") upholding the Immigration Judge's ("IJ") denial of his applications for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review the BIA's legal determinations de novo. *Gutierrez v. Holder*, 662 F.3d 1083, 1086 (9th Cir. 2011). Factual findings are reviewed for substantial evidence. *See Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021); *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We will not disturb factual findings unless the evidence compels a contrary conclusion. 8 U.S.C. § 1252(b)(4)(B); *see Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014).

1.      Substantial evidence supports the agency's denial of asylum and withholding of removal. Lopez-Tzun bears the burden of proving that he is eligible for relief. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1229a(c)(4)(A). To satisfy this burden, he must demonstrate that he is "unable or unwilling to return to [his country of origin] . . . because of persecution . . . on account of . . . membership in a particular social group . . . ." 8 U.S.C. § 1101(a)(42)(A). Persecution "is an extreme concept that means something considerably more than discrimination or harassment" and "does not include every sort of treatment our society regards as offensive." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (internal citations and quotations omitted). We look "at the cumulative effect of all the incidents that Petitioner has

suffered" in determining whether the treatment rises to the level of persecution. *Id.* at 1061 (internal citations and quotations omitted).

Lopez-Tzun argues he suffered harm when he was 14 and 15-years-old during three run-ins with "cholos"—criminals wearing black masks. First, these incidents do not rise to the level of past persecution because the cholos did not cause "significant physical harm," let alone "serious injuries that required medical treatment." *Id.*[1] Nor did petitioner establish that he has a well-founded fear of future persecution on account of a protected ground. Substantial evidence supports the IJ's decision to deny Lopez-Tzun's asylum claim.

Second, substantial evidence supports the agency's determination that assuming Lopez-Tzun was a member of a cognizable particular social group, he failed to demonstrate the requisite nexus between the harm he experienced or feared and his proposed particular social groups. Lopez-Tzun has not shown that he was targeted based on his status as an indigenous person, especially considering his

---

[1] Lopez-Tzun argues that the BIA erred in not considering his age during these incidents. Although age can be an important factor in deciding asylum claims, *see generally Hernandez-Ortiz v. Garland*, 496 F.3d 1042 (9th Cir. 2007), it is only one of many potential factors we consider, *see Sharma*, 9 F.4th at 1063. Further, even assuming the agency erred by failing to take Lopez-Tzun's age at the time of his encounters with the cholos into account when determining whether he experienced persecution, any error was harmless because the no-nexus determination is fatal to his claims for asylum and withholding of removal.

testimony that the cholos were also indigenous. Rather, substantial evidence supports the agency's determination that the incidents were random criminal acts.

Last, because the burden for withholding removal is higher than for asylum, his failure to meet the burden of proof for asylum dooms any eligibility for withholding of removal.[2] *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation." (internal quotations and citations omitted)).

2.      Lopez-Tzun has not shown it is more likely than not that he would be tortured if removed. To demonstrate eligibility for CAT protection, Lopez-Tzun "had the burden to prove that it is more likely than not that (1) []he, in particular, would be (2) subject to harm amounting to torture (3) by or with the acquiescence of a public official, if removed." *Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021).

Lopez-Tzun has not shown that he would be subject to harm amounting to torture upon return to Guatemala or that the government is complicit in the cholos' activities. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("We

---

[2] Because this is not a mixed motive case, we need not consider the lower burden for withholding of showing that the persecution was on account of "a reason." *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

have stated that a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). He does not come close to reaching this court's "high threshold for torture" and the agency did not err in concluding Lopez-Tzun is not eligible for CAT relief. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022).

**PETITION DENIED.**